# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eliseo A.A., <br><br> Petitioner, <br><br> v. <br><br> Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Eric Tollefson*, Kandiyohi County Jail Sheriff*, <br><br> Respondents. | Civ. No. 25-3381 (JWB/DJF) <br><br><br> **ORDER ON <br> MOTION FOR TEMPORARY <br> RESTRAINING ORDER** |

Gloria Leticia Contreras Edin, Esq., Contreras Edin Law, PA, counsel for Petitioner.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondents Samuel J. Olson, Kristi Noem, and U.S. Dept. of Homeland Security.

Petitioner moves for a temporary restraining order to either require his immediate release from custody or prevent his transfer to a detention facility out of this District while his habeas petition is pending. The governing standard requires that the Court weigh four factors: likelihood of success on the merits, irreparable harm, balance of harms, and the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

The likelihood of success factor requires Petitioner to show he has a fair chance of prevailing on his claims. *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1343 (8th Cir. 2024). It

is not a decision on whether he will ultimately win. *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007). To obtain relief, he needs to satisfy this factor on one of his claims. *See United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 742–43 (8th Cir. 2002).

Petitioner claims that his continued detention violates due process. After an immigration judge granted bond, the Department of Homeland Security ("DHS") invoked an automatic stay with no additional showing of danger or flight risk. This results in prolonged detention without an individualized justification. And it raises serious due process concerns under the Fifth Amendment, even in the immigration context where judicial deference is high but not without constitutional safeguards. *See Zadvydas v. Davis,* 533 U.S. 678, 700 (2001) (stating the Executive Branch has broad latitude in realm of immigration but remains subject to important constitutional limitations). As alleged, Petitioner raises a sufficient question over whether Respondents are using detention and removal proceedings—civil processes—for punishment and retribution, and not to advance the legitimate purposes of immigration detention. *See id.* at 690 (recognizing that ensuring future appearances and preventing danger to community are two legitimate reasons for immigration detention). In addition, Petitioner has raised a fair argument that INA § 1226 should apply to his circumstance, and not INA § 1225. Therefore, this factor weighs in Petitioner's favor, or at a minimum is neutral.

The irreparable harm is plain. If the government acts to transfer or remove Petitioner before this Court can adjudicate his claims, judicial review may well be lost altogether. Deportation is not a harm that can later be unwound. The Eighth Circuit is

clear that even temporary deprivations of constitutional rights constitute irreparable injury. *Ng v. Bd. of Regents*, 64 F.4th 992, 998 (8th Cir. 2023).

The balance of harms also tilts decisively in Petitioner's favor. An immigration judge has already found that Petitioner was not subject to mandatory detention and did not pose a danger to the community or a flight risk significant enough to deny bond. Petitioner remains detained, separated from his minor U.S. citizen child, while Respondents have offered no evidence justifying his continued detention. On this record, Respondents identify no legitimate prejudice from maintaining the status quo until the Court can consider the merits.

The public interest always favors preventing violations of constitutional rights and preserving meaningful judicial review. The Constitution does not require less.

Given these considerations, immediate intervention is necessary.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 5) is **GRANTED IN PART**.

2. Respondents, or any person acting in concert with Respondents, shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of this Court (the District of Minnesota) pending further court order.

3. A bond under Fed. R. Civ. P. 65(c) is not necessary here because the TRO seeks to prevent ongoing constitutional violations, the petitioner is detained and unable to

post a bond, and the government faces no identifiable risk of monetary loss. A bond is also not warranted given that this matter is closely intertwined with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

4. This Order shall remain in effect for 14 days from the date of entry, unless extended by further court order under Federal Rule of Civil Procedure 65(b)(2).

Date: August 29, 2025  
Time: 4:29 p.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge