UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Eliseo A.A., <br><br> Petitioner, <br><br> v. <br><br> Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Dept. of Homeland Security; and Eric Tollefson*, Kandiyohi County Jail Sheriff*, <br><br> Respondents. | Civ. No. 25-3381 (JWB/DJF) <br><br><br> **ORDER <br> EXTENDING TEMPORARY <br> RESTRAINING ORDER** |

---

Evan Grant Brown, Esq., and Gloria Leticia Contreras Edin, Esq., Contreras Edin Law, PA, counsel for Petitioner.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondents Samuel J. Olson, Kristi Noem, and U.S. Dept. of Homeland Security.

---

On August 29, 2025, a Temporary Restraining Order ("TRO") was entered enjoining Respondents from removing, transferring, or otherwise facilitating the removal of Petitioner Eliseo A.A. from the District of Minnesota pending further proceedings on his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 9.) Now under consideration is whether that TRO should be converted into a preliminary injunction under Federal Rule of Civil Procedure 65(a) or continued in temporary form under Rule 65(b)(2).

This Court finds good cause to continue the existing TRO. The record continues to present serious questions about the lawfulness of Petitioner's detention.

Petitioner has resided in the United States since 2003. (Doc. No. 1 ¶ 38.) He was arrested for being "an alien present in the United States without being admitted or paroled." (*Id.* ¶ 39.) At the time of his arrest, he had no prior criminal history in the United States other than traffic offenses. (*Id.*) He is currently in removal proceedings before the Fort Snelling Immigration Court but detained at the Kandiyohi County Jail. (*Id.* ¶¶ 39–40.)

Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ"). (*Id.* ¶¶ 4, 43.) On August 21, 2025, an IJ granted Petitioner's request and set bond at $5,000. (*Id.* ¶¶ 4, 44.) The IJ found that Petitioner was not a threat to public safety and the bond was necessary to mitigate a present but not significant flight risk. (*Id.*) The Department of Homeland Security ("DHS") filed an EOIR-43 form ("Executive Office of Immigration Review") subjecting the IJ's bond order to an automatic stay and remanded Petitioner to detention. (*Id.* ¶ 4.)

DHS's application of the EOIR-43 automatic stay presumes Petitioner is detainable under § 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"). (*Id.* ¶¶ 4.) Petitioner claims this action stems from a new DHS policy issued on July 8, 2025, instructing all Immigration and Customs Enforcement ("ICE") employees to consider anyone who entered the United States without inspection, no matter how long they may have been residing in the United States, to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention. (*Id.* ¶¶ 3, 28–29.)

2

Petitioner contends this contravenes both the statutory text and the historical practice of applying 8 U.S.C. § 1226(a), which allows for release on conditional parole or bond, to individuals charged with entering the United States without inspection who have entered previously and have been residing in the United States. (*Id.* ¶¶ 26–27.)

As stated in the August 29, 2025 Temporary Restraining Order, DHS's invocation of an automatic stay from the IJ's order granting bond, with no additional showing of danger or flight risk, resulting in prolonged detention without an individualized justification, raises serious due process concerns under the Fifth Amendment. Petitioner has raised a sufficient question over whether Respondents are using detention and removal proceedings—civil processes—for punishment and retribution, and not to advance the legitimate purposes of immigration detention. Further, Petitioner's argument that INA § 1226 should apply to his circumstance, not INA § 1225, is a substantively fair argument. *See Antonia A.M. v. Olson*, Civ. No. 25-3142 (SRN/SGE), Doc. No. 17 (D. Minn. Aug. 15, 2025) (finding petitioner's detention governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedure); *see also Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018) (explaining that § 1225(b) covers "aliens seeking admission into the country," while § 1226 covers "aliens already in the country" who are subject to "removal proceedings").

Respondent filed a response to Petitioner's habeas petition on September 10, 2025. (Doc. Nos. 13, 14.) Petitioner now has until September 17, 2025, to file a reply. (*See* Doc. No. 12.) Transfer or removal during the pendency of these proceedings would irreparably frustrate the Court's ability to adjudicate Petitioner's claims. Other cases in this District

3

have noted this risk. *See, e.g.*, *Mohammed H. v. Trump*, Civ. No. 25-1576 (JWB/DTS), Doc. No. 30 at 3 (D. Minn. May 5, 2025) (collecting cases).

Good cause also supports issuing this Order without notice to Respondents under Fed. R. Civ. P. 65(b)(1)(A). Petitioner was arrested without warning, and he remains in custody separated from his minor child. If the Court were to require notice and await formal briefing, Petitioner could be removed from the jurisdiction—or from the country—without a meaningful opportunity to be heard or before the Court is made aware. Under these circumstances, this Court finds that immediate and irreparable injury reasonably can be anticipated to occur before Respondents can be heard in opposition.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The August 29, 2025 Temporary Restraining Order (Doc. No. 9) is **EXTENDED** for good cause under Federal Rule of Civil Procedure 65(b)(2) until September 26, 2025, at 4:29 p.m., unless extended by further court order.

2. Respondents, or any person acting in concert with Respondents, shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of this Court (the District of Minnesota) pending further court order.

3. This Order does not resolve any pending claims other than to maintain the status quo pending final adjudication.

Date: September 11, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge